T.C. Summary Opinion 2008-47

UNITED STATES TAX COURT

MICHEAL HOLMES, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25066-06S.               Filed April 29, 2008.

Micheal Holmes, pro se.

Julie A. Jebe, for respondent.

COHEN, Judge:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and
this opinion shall not be treated as precedent for any other
case.  Unless otherwise indicated, all section references, and

all Rule references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency of $2,811 in petitioner's Federal income tax for 2005. The issues for decision are:

(1) Whether petitioner is entitled to a dependency exemption deduction of $3,200;

(2) whether he is entitled to head of household filing status; and

(3) whether he is entitled to an earned income credit of $2,662.

## Background

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Illinois at the time that he filed his petition.

During 2005, petitioner resided with Angela Tucker, whom he married in 2006. Ms. Tucker had received legal guardianship over her nieces, G.F. and T.F., in 2003. Ms. Tucker was unemployed during 2005, but she received disability payments that year. Ms. Tucker also received food stamps and cash from the Department of Child and Family Services to aid her in caring for the children.

Petitioner was not related to T.F. or G.F.  Petitioner purchased clothes and groceries for T.F. in 2005 and gave her spending money for school if she needed it.

Petitioner claimed a dependency exemption of $3,200 for T.F. on his 2005 return.  He also filed his 2005 return reporting head of household status and claimed an earned income credit of $2,662 for 2005.

Respondent determined that petitioner was not entitled to the dependency exemption, changed his filing status to single, and denied him the earned income credit in full.  However, respondent now concedes that petitioner meets the requirements for the earned income credit as a taxpayer without a qualifying child and is entitled to an earned income credit of $159 for 2005.

## Discussion

The Internal Revenue Code allows as a deduction an exemption for each dependent of a taxpayer in computing taxable income. Sec. 151(c).  Section 152(a) defines a dependent as a qualifying child or a qualifying relative of the taxpayer.  In addition to other requirements, a qualifying child must be a child, brother, sister, stepbrother, stepsister, or a descendant of such relatives of the taxpayer.  Sec. 152(c).  A qualifying relative, however, may be an individual who, for the year in issue, has the same principal place of abode as the taxpayer and is a member of

the taxpayer's household, and for whom the taxpayer provides over one-half of the support.  Sec. 152(d).

Respondent determined that petitioner was not entitled to the dependency exemption that petitioner claimed for the year in issue because he did not establish that either T.F. or G.F. was a qualifying child or qualifying relative.  Because T.F. and G.F. were not petitioner's children, brothers, sisters, stepbrothers, stepsisters, or descendants of any of those relatives during the year in issue, neither was a qualifying child of petitioner for that year.  See sec. 152(c)(2), (f)(1).  However, because T.F. and G.F. were members of petitioner's household in 2005, T.F. and G.F. might have been qualifying relatives of petitioner if he provided over one-half of the support for either child.  See sec. 152(d).

Petitioner argues that he is entitled to claim T.F. as his dependent because he spent his own money to take care of T.F. and G.F. during 2005.  He testified at trial that he purchased food and clothing for T.F. in 2005 and gave her spending money for school, but he could not state how much he spent.  Although petitioner's testimony is credible, he has not shown that he provided over one-half of T.F.'s support for 2005.  Ms. Tucker received disability income and food stamps and payments to be used in providing for the children.  Petitioner did not provide any receipts or other substantiation showing the respective

contributions to the support of T.F. Thus, he is not entitled to claim T.F. as his dependent for 2005. See sec. 152(d)(1)(C); Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971).

Respondent also determined that petitioner's correct filing status for 2005 was single rather than head of household. Section 1(b) establishes a special income tax rate for individuals filing as head of a household. Section 2(b) provides the requirements for head of household filing status. In order to qualify as head of a household, petitioner must have been unmarried at the end of 2005 and maintained a household that was the principal place of abode of at least one dependent for more than one-half of the taxable year. Sec. 2(b)(1)(A)(ii). A taxpayer is considered as maintaining a household in a given year only if the taxpayer furnishes over one-half of the cost of maintaining the household during that year. Sec. 2(b).

Because T.F. was not a dependent of petitioner in 2005 and petitioner has not shown that he furnished over one-half the cost of maintaining the household in which he, Ms. Tucker, T.F., and G.F. resided, petitioner is not entitled to head of household filing status.

Section 32(a)(1) allows an eligible individual an earned income credit against the individual's income tax liability. Section 32(a)(2) limits the credit allowed through a phaseout, and section 32(b) prescribes different percentages and amounts

used to calculate the credit.  The limitation amount is based on the taxpayer's earned income and whether the taxpayer has any qualifying children.  To be eligible to claim a higher earned income credit with respect to a child, the taxpayer must establish that the child meets the definition of "qualifying child" under section 152(c).  Sec. 32(c)(3)(A).  Because, for the reasons stated above, neither T.F. nor G.F. was a qualifying child of petitioner during the year in issue, his earned income credit is limited to the amount respondent has conceded.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.